**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JAMES NORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES STEEL CORP.<br>A Foreign Corporation<br>d/b/a U.S. Steel, | ) | |
| | ) | |
| Serve registered Agent<br>Illinois Corporation Service<br>Company<br>801 Adlai Stevenson Drive<br>Springfield, Illinois 62703-4261, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Comes now Plaintiff James Norris ("Plaintiff"), by and through undersigned his undersigned attorneys, and for his complaint against Defendant United States Steel Corporation d/b/a U.S. Steel ("Defendant"), states:

**Introduction**

1. Plaintiff brings this action for legal and equitable relief against Defendant for Defendant's violations of Plaintiff's rights under the Americans with Disabilities Act, or 42 U.S.C. §12101 ("ADA"), et seq. and the ADA Amendments Act of 2008 ("ADAAA"), and the Illinois Human Rights Act, §§ 775 ILCS 5/2-102 et seq. and 775 ILCS 5/6-101 et seq. ("IHRA").

2. Plaintiff has been, and continues to be, discriminated against in his place of employment because of his disability, since he notified Defendant that he suffers from Dyslexia on or about May 2021.

3. Plaintiff opposed Defendant's efforts to restrict him from performing jobs that require reading, thereby severely limiting his opportunities for career advancement.

4. Defendants, retaliated against Plaintiff by blocking numerous advancement opportunities he sought pursuant to his collective bargaining rights, based on Plaintiff's disability.

5. Defendant continues to deny Plaintiff the right to "Break-in," or learn jobs that provide advancement opportunities, while affording the Break-in opportunities to non-disabled workers pursuant to the Collective Bargaining Agreement ("CBA").

**Parties**

6. Plaintiff is and was, at all relevant times herein, a resident of the State of Illinois.

7. Defendant is a Delaware corporation, doing business in Illinois, and is a statutory employer under the ADA and the IHRA.

8. Defendant acted through the actions of its supervisors and managers who have and continue to discriminate against Plaintiff.

**Jurisdiction and Venue**

9. This action arises under the laws of the United States, including the ADA and the Illinois Human Rights Act. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343, and Supplemental Jurisdiction, pursuant to 28 USC §1367, as the IHRA claims (Illinois claims) are so closely related to the ADA (federal claims), that they form part of the same case or controversy under Article III of the United States Constitution.

10. Jurisdiction and venue are proper in this Court pursuant to this Court's Federal Question Jurisdiction, 28 USC §1331, as this matter is brought pursuant to the ADA and the

discriminatory acts alleged herein occurred in this judicial district. Explaining further plaintiff states:

a. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (subsequently amended) and Illinois Department of Human Rights ("IDHR") – EEOC charge number 560-2022-01479/ IDHR charge number 2022SR2485 (Plaintiff's charge of discrimination and amended charge are both attached as Exhibits A and B);

b. Plaintiff received Notice of Right to Sue Letters ("NRST") from the EEOC and the IDHR. Plaintiff filed suit within the 90-day window provided by law for bringing suit pursuant to the EEOC and IDHR NRTS (Attached as Exhibit C and D).

11. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b)(2), because all of the events or omissions, including unlawful employment practices and illegal discrimination, giving rise to this claim occurred in the Southern District of Illinois.

**Count I**
**Disparate Treatment**
**(ADA)**

12. Plaintiff restates and incorporates by reference, as if fully set forth herein, all prior allegations of this Complaint.

13. Plaintiff began working for Defendant on or about, January 6, 2020, and is currently employed by Defendant.

14. At all relevant times, Plaintiff has successfully performed the essential functions of his job and met or exceeded Defendant's reasonable job expectations.

15. Plaintiff is disabled within the meaning of the ADA due to his diagnosis of Dyslexia.

16. Defendant is an employer as defined by the ADA.

17. On numerous instances Plaintiff requested the opportunity afforded non-disabled employees, through the CBA, to Break In on jobs in order to advance his career and was denied said advancement opportunities.

18. The times Plaintiff asked to Break In on jobs and was denied the opportunity because of his disability include, but are not limited to:

b. On or about March 2022, Plaintiff had worked confined space several days and asked supervisor Joe Spanberger (Joe) if he could Break In. Joe denied Plaintiff the opportunity because of Plaintiff's Dyslexia;

a. On or about July 22, 2021, Plaintiff asked supervisor Jordan to Break In as Spellman and was denied the opportunity because of his Dyslexia;

c. On or about summer 2022, Plaintiff asked supervisor Joe if he could Break In as Spellman relief, burner and cranes. Joe said no because;

d. On or about November 2022, Plaintiff asked supervisors Joe and Tim Bake if he could Break In at Spellman relief and was denied the opportunity because of his Dyslexia;

e. On or about April 2023, Plaintiff complained to Robin Sampson – Human Resources (Robin) about being skipped over in seniority for box 2 positions and was told it was because of his restrictions. Plaintiff asked if he could be accommodated and was told no - - Defendant just considered his restrictions;

f. On or about September 2023, Plaintiff complained to supervisor Brian Jarvis about the lack of opportunity to advance because Defendant denied him the chance to Break In on numerous jobs. Jarvis responded by saying, "If you raped a six year old and did your time, would I let you watch my kids?"

19. Defendant's denial of advancement opportunities to Plaintiff because of his disability, has hindered his ability to advance his career, thereby affecting a term and/or condition of his employment.

20. Defendant violated the ADA, by subjecting Plaintiff to aforementioned discriminatory acts.

21. As a direct and proximate result of Defendant's actions, plaintiff experienced a loss of compensation, future wages, emotional distress, humiliation, and depravation of civil rights.

22. Plaintiff has incurred attorneys' fees, costs, and expenses in bringing this claim, and plaintiff is entitled to recover her attorneys' fees, costs, and expenses pursuant to the ADA.

23. Plaintiff seeks injunctive and compensatory relief as the Court deems right, proper, and just. Plaintiff also seeks an order from this Court enjoining the Defendant from further or additional violations of the ADA.

24. Defendant's discriminatory actions were malice and reckless and flagrant disregard, and deliberate indifference for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

25. Punitive damages are sought in an amount sufficient to punish this defendant for its conduct and to serve as an example or warning to this Defendant and others not to engage in similar conduct in the future.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and thereafter:

(a) Order Defendant to make Plaintiff whole for the harm caused, including compensatory damages and damages for emotional distress, humiliation, and diminished employment status;

(b) Award punitive damages to punish and deter Defendant and others from like conduct;

(c) Award costs and expense of litigation and a reasonable sum as and for attorneys' fees; and

(d) Such other and further equitable and legal relief as this Court deems just and proper.

**Count II**
**Retaliation - ADA**

33. Plaintiff restates and incorporates by reference, as if fully set forth herein, all prior allegations of this Complaint.

34. Plaintiff engaged in statutorily protected activity on or about August 4, 2022, when he requested an accommodation of additional time reading instructions and/or receiving instructions in written form, through his doctor's note provided to Defendant.

35. In response, Defendant has refused to allow Plaintiff to Break In on jobs that require reading letters or numbers, while at times requiring him to fill in on those jobs as needed.

36. Plaintiff also engaged in statutorily protected activity on or about April 2023, when he asked Robin if the restrictions imposed on him could be accommodated as requested by his physician.

37. As a result of Plaintiff opposing the disability discriminatory, Defendant has repeatedly denied opportunities for Plaintiff to advance his career by Breaking In on jobs that

require him to read. This is done in spite of Defendant continually requiring Plaintiff to fill in on such jobs as needed by Defendant.

38. Defendant has also told Plaintiff, in no uncertain terms, that he will never get the opportunity to break in on certain jobs because of his disability, even to the extent of comparing Plaintiff's having Dyslexia to being a convicted child rapist.

39. As a direct and proximate result of Defendant's actions, plaintiff experienced a loss of compensation and benefits, future wages, emotional distress, humiliation, and depravation of civil rights.

40. Defendant's retaliatory actions were in violation of the ADA.

41. Plaintiff has incurred attorneys' fees, costs, and expenses in bringing this claim, and plaintiff is entitled to recover her attorneys' fees, costs, and expenses pursuant to the ADA.

42. Plaintiff seeks injunctive and compensatory relief as the Court deems right, proper, and just. Plaintiff also seeks an order from this Court enjoining the Defendant from further or additional violations of the ADA.

43. Defendant's discriminatory actions were malice and reckless and flagrant disregard, and deliberate indifference for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

44. Punitive damages are sought in an amount sufficient to punish Defendant for its conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and thereafter:

(a) Order Defendant to make Plaintiff whole for the harm caused, including compensatory damages and damages for emotional distress, humiliation, and diminished employment status;

(b) Award punitive damages to punish and deter Defendant and others from like conduct;

(c) Award costs and expense of litigation and a reasonable sum as and for attorneys' fees; and

(d) Such other and further equitable and legal relief as this Court deems just and proper.

**Count III**
**Failure to Accommodate – ADA**

45. Plaintiff restates and incorporates by reference, as if fully set forth herein, all prior allegations of this Complaint.

46. On or about August 4, 2022, Plaintiff requested a reasonable accommodation of additional time reading instructions and/or receiving instructions in written form, through his doctor's note provided to Defendant.

47. Defendant has since refused to discuss these or other accommodations with Plaintiff and Defendant reiterated its refusal to consider accommodation of Plaintiff's disability in April 2023, when Plaintiff complained to Robin about being skipped over in seniority for box 2 positions and was told it was because of his restrictions. Plaintiff asked if he could be accommodated and was told no - - Defendant just considered his restrictions.

48. Defendant's actions were in violation of the ADA.

49. Plaintiff has incurred attorneys' fees, costs, and expenses in bringing this claim, and plaintiff is entitled to recover her attorneys' fees, costs, and expenses pursuant to the ADA.

50. Plaintiff seeks injunctive and compensatory relief as the Court deems right, proper, and just. Plaintiff also seeks an order from this Court enjoining the Defendant from further or additional violations of the ADA.

51. Defendant's discriminatory actions were malice and reckless and flagrant disregard, and deliberate indifference for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

52. Punitive damages are sought in an amount sufficient to punish Defendant for its conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and thereafter:

(a) Order Defendant to make Plaintiff whole for the harm caused, including compensatory damages and damages for emotional distress, humiliation, and diminished employment status;

(b) Award punitive damages to punish and deter Defendant and others from like conduct;

(c) Award costs and expense of litigation and a reasonable sum as and for attorneys' fees; and

(d) Such other and further equitable and legal relief as this Court deems just and proper.

**Count IV**
**Disparate Treatment**
**(IHRA)**

53. Plaintiff restates and incorporates by reference, as if fully set forth herein, all prior allegations of this Complaint.

54. This action is brought pursuant to the IHRA.

55. Jurisdiction and venue are proper in this Court pursuant to this Court's Supplemental Jurisdiction, 28 USC §1367, as the claims in Count IV-VI of this Complaint are so closely related to the claims in Count I -III that they form part of the same case or controversy under Article III of the United States Constitution. Explaining further plaintiff states:

56. Defendants have engaged in unlawful discriminatory acts that are prohibited under the IHRA.

57. Plaintiff is an "employee" as defined under the IHRA.

58. Defendant is an "employer" as defined under the IHRA.

59. Disability is a prohibited act under the IHRA.

60. Defendant is responsible for its actions, policies, practices, and customs at all times during Plaintiff's employment.

61. The allegations of disability discrimination stated in Count I, relating to the ADA, also form the basis of Plaintiff's allegations of disability discrimination as to this count.

62. A term, condition, or privilege of Plaintiff's employment was affected by Defendant's discriminatory acts.

63. Defendant violated the IHRA, by subjecting Plaintiff to disability discrimination.

64. As a direct and proximate result of Defendant's actions, plaintiff experienced a loss of compensation and benefits, future wages, emotional distress, humiliation, and depravation of civil rights.

65. Plaintiff has incurred attorneys' fees, costs, and expenses in bringing this claim, and plaintiff is entitled to recover her attorneys' fees, costs, and expenses pursuant to the IHRA.

66. Plaintiff seeks injunctive and compensatory relief as the Court deems right, proper, and just. Plaintiff also seeks an order from this Court enjoining the Defendant from further or additional violations of the IHRA.

67. Defendant's discriminatory actions were malice and reckless and flagrant disregard, and deliberate indifference for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

68. Punitive damages are sought in an amount sufficient to punish this defendant for its conduct and to serve as an example or warning to this Defendant and others not to engage in similar conduct in the future.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and thereafter:

(a) Order Defendant to make Plaintiff whole for the harm caused, including compensatory damages and damages for emotional distress, humiliation, and diminished employment status;

(b) Award punitive damages to punish and deter Defendant and others from like conduct;

(c) Award costs and expense of litigation and a reasonable sum as and for attorneys' fees; and

(d) Such other and further equitable and legal relief as this Court deems just and proper.

**Count V**
**Retaliation - IHRA**

69. Plaintiff restates and incorporates by reference, as if fully set forth herein, all prior allegations of this Complaint.

70. Plaintiff restates and incorporates by reference, as if fully set forth herein, all prior allegations of this Complaint.

72. This action is brought pursuant to the IHRA.

73. Jurisdiction and venue are proper in this Court pursuant to this Court's Supplemental Jurisdiction, 28 USC §1367, as the claims in Count IV-VI of this Complaint are so closely related to the claims in Count I -III that they form part of the same case or controversy under Article III of the United States Constitution. Explaining further plaintiff states:

74. Defendants have engaged in unlawful discriminatory acts that are prohibited under the IHRA.

75. Plaintiff is an "employee" as defined under the IHRA.

76. Defendant is an "employer" as defined under the IHRA.

77. Disability is a prohibited act under the IHRA.

78. Defendant is responsible for its actions, policies, practices, and customs at all times during Plaintiff's employment.

79. The allegations of disability discrimination stated in Count II, relating to the ADA, also form the basis of Plaintiff's allegations of disability discrimination as to this count.

80. A term, condition, or privilege of Plaintiff's employment was affected by Defendant's discriminatory acts.

81. Defendant violated the IHRA, by subjecting Plaintiff to disability discrimination.

82. As a direct and proximate result of Defendant's actions, plaintiff experienced a loss of compensation and benefits, future wages, emotional distress, humiliation, and depravation of civil rights.

83. Plaintiff has incurred attorneys' fees, costs, and expenses in bringing this claim, and plaintiff is entitled to recover her attorneys' fees, costs, and expenses pursuant to the IHRA.

84. Plaintiff seeks injunctive and compensatory relief as the Court deems right, proper, and just. Plaintiff also seeks an order from this Court enjoining the Defendant from further or additional violations of the IHRA.

85. Defendant's discriminatory actions were malice and reckless and flagrant disregard, and deliberate indifference for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

86. Punitive damages are sought in an amount sufficient to punish this defendant for its conduct and to serve as an example or warning to this Defendant and others not to engage in similar conduct in the future.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and thereafter:

(a) Order Defendant to make Plaintiff whole for the harm caused, including compensatory damages and damages for emotional distress, humiliation, and diminished employment status;

(b) Award punitive damages to punish and deter Defendant and others from like conduct;

(c) Award costs and expense of litigation and a reasonable sum as and for attorneys' fees; and

(d) Such other and further equitable and legal relief as this Court deems just and proper.

**Count VI**
**Failure to Accommodate - IHRA**

87. Plaintiff restates and incorporates by reference, as if fully set forth herein, all prior allegations of this Complaint.

88. This action is brought pursuant to the IHRA.

89. Jurisdiction and venue are proper in this Court pursuant to this Court's Supplemental Jurisdiction, 28 USC §1367, as the claims in Count IV-VI of this Complaint are so closely related to the claims in Count I -III that they form part of the same case or controversy under Article III of the United States Constitution. Explaining further plaintiff states:

90. Defendants have engaged in unlawful discriminatory acts that are prohibited under the IHRA.

91. Plaintiff is an "employee" as defined under the IHRA.

92. Defendant is an "employer" as defined under the IHRA.

93. Disability is a prohibited act under the IHRA.

94. Defendant is responsible for its actions, policies, practices, and customs at all times during Plaintiff's employment.

95. The allegations of disability discrimination stated in Count III, relating to the ADA, also form the basis of Plaintiff's allegations of disability discrimination as to this count.

96. A term, condition, or privilege of Plaintiff's employment was affected by Defendant's discriminatory acts.

97. Defendant violated the IHRA, by subjecting Plaintiff to disability discrimination.

98. As a direct and proximate result of Defendant's actions, plaintiff experienced a loss of compensation and benefits, future wages, emotional distress, humiliation, and depravation of civil rights.

99. Plaintiff has incurred attorneys' fees, costs, and expenses in bringing this claim, and plaintiff is entitled to recover her attorneys' fees, costs, and expenses pursuant to the IHRA.

100. Plaintiff seeks injunctive and compensatory relief as the Court deems right, proper, and just. Plaintiff also seeks an order from this Court enjoining the Defendant from further or additional violations of the IHRA.

101. Defendant's discriminatory actions were malice and reckless and flagrant disregard, and deliberate indifference for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

102. Punitive damages are sought in an amount sufficient to punish this defendant for its conduct and to serve as an example or warning to this Defendant and others not to engage in similar conduct in the future.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and thereafter:

(a) Order Defendant to make Plaintiff whole for the harm caused, including compensatory damages and damages for emotional distress, humiliation, and diminished employment status;

(b) Award punitive damages to punish and deter Defendant and others from like conduct;

(c) Award costs and expense of litigation and a reasonable sum as and for attorneys' fees; and

(d) Such other and further equitable and legal relief as this Court deems just and proper.

**Demand for Jury Trial**

Plaintiff requests a trial by jury on all issues in this case which are so triable.

Respectfully Submitted,

/s/ Melvin D. Kennedy
Melvin D. Kennedy, #6216344
Law Office of Melvin D. Kennedy, LLC
2001 S. Big Bend Blvd.
St. Louis, MO 63117
Telephone: (314) 561-3241
Facsimile: (314) 644-4303
Email: Melvin.KennedyLLC@gmail.com

Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone: (314) 932-7671
Facsimile: (314) 932-7672
Email: cyrus@dashtaki.com

*Attorneys for Plaintiff*