IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JAMES NORRIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:23-CV-3148-MAB** |
| | ) | |
| **UNITED STATES STEEL CORP. d/b/a U.S. STEEL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

**BEATTY, Magistrate Judge:**

This matter is before the Court on Defendant U.S. Steel's Motion for Reconsideration of the Court's Order on Defendant's Motion for Summary Judgment (Doc. 59). For the reasons set forth below, Defendant's Motion for Reconsideration is DENIED.

## BACKGROUND

Defendant owns and operates a steel production facility in Granite City, Illinois (Doc. 47-1, p. 1). Defendant is a union company that is subject to the provisions of a Basic Labor Agreement (BLA) (*Id.* at 4). The BLA governs the employment positions within the company, which are assigned Labor Grades ("LGs") (*Id.*). LGs are identified from LG-1 to LG-5, with the higher LG grade being associated with greater skill and increased hourly pay (*Id.*). The LG-1 position is a Utility Person, which involves tasks like sweeping, taking out the trash, and running errands (*Id.* at 6). The LG-2 position is a Utility Technician and includes the function of Checker Helper (*Id.*).

Plaintiff, James Norris, was training (or "breaking-in") on an LG-2 position, Checker Helper (*Id.* at 11). He completed the breaking-in period for the Checker Helper position and was put on the schedule by Process Coordinator Jordan McBride (*Id.*). For reasons the parties dispute, Plaintiff contacted McBride on February 13, 2021, and sought to be excused from working as a Checker Helper (*compare* Doc. 41 at p. 8 *with* Doc. 47-1 at p. 11; *see also* Doc. 47-2 at pp. 61-62). Plaintiff also disclosed his dyslexia to McBride (Doc. 47-2, p. 62). A few weeks later, Defendant provided Plaintiff with a Request for Medical Information (Doc. 47-1, p. 14). Plaintiff met with Dr. Margarita Nogin, a licensed clinical psychologist, in May of 2021 (Doc. 47-1, p. 15; *see also* Doc. 41-10). Dr. Nogin prepared a report diagnosing Plaintiff with dyslexia (Doc. 47-1 at p. 15; Doc. 41-10 at p. 3). Dr. Nogin later prepared another letter regarding Plaintiff's diagnoses and work capabilities in August of 2022 (Doc. 41-11). Defendant's medical department prepared a Return to Work with Restrictions Form for Plaintiff (Doc. 41-12 at p. 1). That form indicated that Plaintiff was restricted to "avoid work involving the precise recording and/or tracking of numbers/letters." (*Id.*).

In September 2023, Plaintiff James Norris sued Defendant U.S. Steel for alleged violations of Plaintiff's rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and corresponding state law violations under the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/2-102, *et seq.*, and 775 ILCS 5/6-101, *et seq.* (*see* Doc. 1). Defendant filed a motion for summary judgment on all of Plaintiff's claims (Docs. 40-42), to which Plaintiff filed a response in opposition (Doc. 47). Defendant filed a reply (Doc. 51). On March 13, 2026, the Court denied summary judgment on Plaintiff's discrimination

and retaliation claims raised in Counts I, II, IV, and V, and granted summary judgment on Plaintiff's failure to accommodate claims raised in Counts III and VI (*see* Doc. 55). On April 27, 2026, Defendant filed the present motion for reconsideration, pursuant to Federal Rule of Civil Procedure 54(b), requesting the Court reconsider its denial of summary judgment on Plaintiff's discrimination and retaliation claims (*see* Docs. 59, 60).

## ANALYSIS

The Court has inherent power to reconsider interlocutory orders at any time prior to the entry of final judgment. *E.g., Marconi Wireless T. Co. of Am. v. United States*, 320 U.S. 1, 47–48 (1943); *Terry v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018); FED. R. CIV. P. 54(b). That being said, the Court's prior rulings "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Berger v. Xerox Ret. Income Guar. Plan*, 231 F. Supp. 2d 804, 820 (S.D. Ill. 2002) (citing *Rhone–Poulenc, Inc. v. Int'l Ins. Co.*, 877 F. Supp. 1170, 1173–74 (N.D. Ill. 1995)). Reconsideration of an interlocutory order is only appropriate when a court has misunderstood a party, made a decision outside the adversarial issues presented to the court by the parties, made an error not of reasoning but of apprehension, or where a significant change in the law or the facts has occurred since the submission of the issue to the court. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). *See also Entm't USA, Inc. v. Moorehead Commc'ns, Inc.*, 897 F.3d 786, 795 (7th Cir. 2018) ("[M]otions to reconsider exist to spare parties and courts unnecessary appeals."). "Such problems rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191 (citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

Defendant contends that (1) Plaintiff did not produce sufficient evidence to create a triable issue of fact that he could perform the essential functions of the job he sought; (2) Plaintiff did not produce sufficient evidence to create a triable issue of fact that he experienced an adverse action; and (3) Plaintiff did not produce sufficient evidence that Defendant had a pretextual motive for its workplace restrictions on Plaintiff.

I. **Whether there is Sufficient Evidence to Create a Triable Issue of Fact that Plaintiff Could Perform the Essential Functions of the Job he Sought**

In its summary judgment order, the Court concluded that a reasonable inference could be made (based in part on Dr. Nogin's August 2022 letter), that because Plaintiff could perform the essential functions of the LG-2 Checker Helper role, he could also perform the essential functions of other LG-2 positions (Doc. 55, pp. 14-15 n.5). Defendant argues that the Court cannot make this inference because Plaintiff made a judicial admission in his response brief stating that Dr. Nogin's August 2022 letter was only based on her evaluation of one specific job, Checker Helper, and that Dr. Nogin did not make any recommendations regarding other LG-2 jobs (Doc. 60, p. 4; Doc. 47-1, pp. 17-18; Doc. 52, p. 2). As best the Court can tell, Defendant takes issue with three statements Plaintiff made in his response brief that Defendant says should be construed as judicial admissions (Doc. 60, p. 4). The Court will address the first two statements together and the third statement separately.

The first two statements made in Plaintiff's response brief are: (1) Plaintiff's explanation associated with his denial of one of Defendant's statements of fact,[1] and (2)

[1] Plaintiff denied Defendant's statement of material fact #69 and explained, "Deny that Defendant's medical clinic based the stated restriction, 'Avoid work involving the precise recording and/or tracking of

one of Plaintiff's stated facts that Defendant denied (a contested fact).[2] The Court does not consider either of these statements to be judicial admissions. "Judicial admissions are 'formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them.'" *Flowers v. Kia Motors Finance*, 105 F.4th 939, 947 (7th Cir. 2024) (citing *Keller v. United States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995)). Judicial admissions "'have the effect of withdrawing a fact from contention' and 'may not be controverted at trial or on appeal.'" *Neita v. City of Chicago*, 148 F.4th 916, 927 (7th Cir. 2025) (quoting *Keller*, 58 F.3d at 1198 n.8). These two statements are not clearly formal, deliberate, or unambiguous statements made during legal proceedings. *See Keller*, 58 F.3d at 1198 n.8. Defendant cites to *Keller* to support its position, but in *Keller* the Court found that the statements at issue, made on cross-examination at trial, were not judicial admissions because those statements were made as "part of a general discussion." *Id.* at 1199. Indeed, not every statement made by a party is a judicial admission. *See id.*

The Seventh Circuit has developed contextual assessments of whether a statement made in the course of legal proceedings is a judicial admission. *See e.g. Robinson v. McNeil Consumer Healthcare*, 615 F.3d 861, 872 (7th Cir. 2010) (denying that a statement made by an attorney in a closing argument was a judicial admission because the statement was

---

numbers/letters,' on Dr. Nogin's review of the job responsibilities solely for the Checker Helper position. Defendant excluded Plaintiff from all work 'involving the precise recording and/or tracking of numbers/letters.' However, Dr. Nogin only reviewed one specific job, Checker Helper, and never reviewed any other jobs at U.S. Steel in relation to Plaintiff's Dyslexia." (Doc. 47-1, pp. 17-18).

[2] Specifically, Plaintiff asserted: "However, Dr. Nogin only reviewed one specific job, Checker Helper, and never reviewed any other jobs at U.S. Steel in relation to Plaintiff's Dyslexia." (Doc. 47-1, p. 24). Defendant responded to this fact by stating: "USS can neither admit nor deny this alleged fact because there is insufficient evidence in the cited deposition regarding same but USS admits Plaintiff is taking this position in opposition to its motion for summary judgment." (Doc. 52, p. 2).

not "deliberate, clear, and unambiguous."); *Clausen Miller, P.C. v. Citibank, N.A.*, 738 F. Supp. 2d 850, 854 (N.D. Ill. 2010) ("[A] statement made in a joint status report does not fall into that category of judicial admissions because the purpose of the report is to inform the court of the nature of the case and assist in case management, rather (as in the case of a brief) to decide a contested issue or, as in the case of a Rule 36 request to admit, to establish a fact."); *Flowers*, 105 F.4th at 947 (citing *Keller*, 58 F.3d at 1198 n.8) (denying that a statement made in initial disclosures constitutes a judicial admission because initial disclosures are not "formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them.").

The Court finds Plaintiff's explanation of a factual denial and a contested fact to be less akin to a formal statement in a pleading and more similar to the Seventh Circuit cases finding that explanatory or informal statements are not judicial admissions. *Clark v. Robert W. Baird Co.*, 152 F. Supp. 2d 1040, 1044 n.2 (N.D. Ill. 2001) (citing *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 227 (9th Cir. 1988)) ("It is within [the Court's] discretion to consider statements of fact contained in a brief to be judicial admissions."). The Court does not characterize explanatory statements or disputed statements of fact as concessions or formal party statements. *Padgett v. Butler*, No. 3:23-cv-00071-NPB-CSW, 2024 WL 6915558, at *3 (S.D. Ind. Apr. 14, 2024) ("In context, none of Defendants' statements can be properly characterized as deliberate, clear, and unambiguous judicial admissions. Even if they could be, the Court would exercise its discretion to permit Defendants to withdraw the admissions.").

Plaintiff's third statement, which Defendant appears to argue should be construed

as a judicial admission, is a statement of fact asserted by Plaintiff and admitted by Defendant: "Dr. Nogin never made any recommendations regarding the jobs Defendant excluded Plaintiff from performing, besides the Checker Helper job." (Doc. 52, p. 2). This assertion, having been admitted to, is indeed a judicial admission. *Calvente v. Ghanem*, No. 20-cv-03366, 2022 WL 4272779, at *1 n.1 (N.D. Ill. Sept. 15, 2022) (explaining that when Plaintiff admits to Defendant's stipulated fact, the admitted fact is a judicial admission that binds the parties). However, treating this fact as a judicial admission does not foreclose the Court's conclusion regarding what inferences a jury could draw regarding Plaintiff's ability to perform all essential functions associated with other LG-2 positions. The Court said as much in its summary judgment order (Doc. 55, pp. 14-15 n.5). The Court reasoned that "even if Dr. Nogin had intended for that letter to only discuss Plaintiff's ability to perform the Checker Helper function, attesting to Plaintiff's ability to perform the Checker Helper function…leads to the reasonable inference that Plaintiff was able to perform other LG 2 Utility Technician functions which also involve the tracking of numbers."[3] (*Id.*). Dr. Nogin's assessment of Plaintiff's ability to perform the Checker Helper role still allows for an inference of Plaintiff's ability to read numbers, transcribe the number, then ensure the number written on the steel matches the number on the paperwork—even if Dr. Nogin did not specifically evaluate or make recommendations on the other LG-2 positions.

The Court explained that because Dr. Nogin evaluated Plaintiff's ability to read,

[3] Indeed, the Court also noted that other evidence, such as Plaintiff's deposition testimony and the lack of any mistakes made by Plaintiff in the past, could lead to a reasonable inference that he could perform all of the LG 2 Utility Functions (Doc. 55, p. 15 & n.5).

write, and track numbers in the Checker Helper position, and because the other LG-2 positions also involve the tracking of numbers, it could be inferred that Plaintiff can also perform the essential features of other LG-2 positions (*Id.*). Defendant equates the Court's inference with Plaintiff's statement, but these are not mutually exclusive statements. Both can be true. The fact that Dr. Nogin did not evaluate Plaintiff for roles other than Checker Helper and did not make recommendations regarding other LG-2 jobs does not mean that the evaluation of Plaintiff's ability to read, write, and track numbers cannot bear on Plaintiff's abilities more broadly. This is particularly the case because Dr. Nogin explicitly uses broad language in her August 2022 letter, stating, "I do not see any reason that he would be unable to complete necessary tasks for work" and "He should not be barred from advancing in his career based on this diagnosis as it is not a hindrance to his occupation." (Doc. 41-11). Even treating Plaintiff's statement as a judicial admission, taking the fact out of contention, a reasonable and common-sense reading of Dr. Nogin's August 2022 letter allows for this inference. *Padgett*, 2024 WL 6915558, at *3 (citing *Wilda v. JLG Indus., Inc.*, 470 F. Supp. 3d 770, 792 (N.D. Ill. 2020)) ("Judicial admissions are 'not a vehicle for playing gotcha…Abruptly declaring that there is a judicial admission…would interfere with the overriding truth-seeking function of litigation.").

Moreover, the Court was *required* to read the record in the light most favorable to the non-movant, Plaintiff. *Perez v. Staples Cont. & Com. LLC*, 31 F.4th 560, 571 (7th Cir. 2022). The Court did not resolve this issue in favor of Plaintiff, as Defendant contends (Doc. 60, p. 4). Instead, the Court simply determined that a reasonable jury *could* make that inference regarding Plaintiff's ability to perform all LG-2 jobs (Doc. 55, pp. 14-15 n.5).

Defendant further argues that Dr. Nogin's assessment of Plaintiff's ability to perform his job functions is conditioned upon the accommodations that she lists in her August 2022 letter (Doc. 60, p. 5). There is no indication that Dr. Nogin's recommendations in her letter are conditional, nor that the Court misapprehended her August 2022 letter (*see* Doc. 41-11). The plain text of Dr. Nogin's August 2022 letter contains no conditional language (*Id.*). There is no indication that Dr. Nogin conditions her statements that Plaintiff can complete the necessary tasks he has for work on the accommodations she suggests (*Id.*). On the contrary, Dr. Nogin explicitly states, "These accommodations are meant to ease his ability to complete tasks in a timely manner at work and in no way suggest he is unable to do his job successfully." (*Id.*). The Court did not misunderstand the plain language of Dr. Nogin's letter such that the undersigned made an error of fact or law.[4]

**II. Whether there is Sufficient Evidence to Create a Triable Issue of Fact that Plaintiff Suffered an Adverse Action**

Defendant further argues that the Court erred in finding a triable issue of fact as to whether an adverse action was taken against Plaintiff (Doc. 60, p. 7). Defendant argues that Plaintiff's voluntary decision to reject two LG-2 positions forecloses Plaintiff's claim

[4] In its reply brief, Defendant also insisted that "Norris offered no evidence that he could perform all essential functions of his Utility Technician position" (Doc. 68, p. 2). This is plainly incorrect. In its summary judgment order, the Court listed the evidence it relied upon in making its determination that Plaintiff could perform the essential functions of LG-2 positions, including Plaintiff's own testimony that he could perform the jobs, Plaintiff's lack of mistakes he made on the job in the past, the fact that Plaintiff successfully completed the breaking-in period for the Checker Helper function without any accommodation, and that Plaintiff had in fact caught numbering mistakes of other employees on a daily basis (Doc. 55, p. 15). It is the role of the jury to weigh the relevant evidence and determine an outcome based on this evidence. At the summary judgment stage, the Court is simply determining whether the available evidence creates a triable issue for the jury.

that Defendant took adverse action against him (*Id.*). Plaintiff responds by contending that Defendant's plantwide restrictions against him constitute an adverse action (Doc. 65, pp. 4-5). Plaintiff argues that the provisions of the BLA, which both Plaintiff and Defendant are subject to, allow Plaintiff to reject positions offered to him (*Id.* at 5).

Here, Defendant did not argue that the Court made a mistake of apprehension or that there has been a significant change in the law or facts that would require the Court to reconsider its order. *See Bank of Waunakee*, 906 F.2d at 1191. Instead, Defendant simply reframes its previous argument. In its motion for summary judgment, Defendant argued that Plaintiff sought his own position downgrade, a reasonable accommodation cannot also be considered an adverse action, and alleged Plaintiff was not qualified for the LG-2 jobs (Doc. 42, pp. 16-19). In its motion for reconsideration, Defendant reasserts its same argument by citing two additional cases, arguing that Plaintiff did not experience an adverse action because he sought his own transfer of position (Doc. 60, p. 7). Neither of Defendant's cited cases contain recent changes in the law. *See Gile v. United Airlines, Inc.*, 95 F.3d 492, 499 (7th Cir. 1996); *Rehling v. City of Chicago*, 207 F.3d 1009, 1015 (7th Cir. 2020). The Court will not entertain a reframed argument in a motion for reconsideration. *Aviation Services, LLC v. United States Small Business Administration*, No. 23 C 3103, 2026 WL 578802, at *3 (N.D. Ill. Mar. 2, 2026) quoting (*Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996)) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.").

In its order for summary judgment, the Court explained that Plaintiff presented

sufficient evidence of a triable issue of fact as to whether Plaintiff suffered an adverse action (Doc. 55, p. 25). The Court relied on several pieces of evidence, including that Plaintiff was not previously counseled for job performance, that Defendant continued to impose a broad and plantwide restriction on Plaintiff despite Dr. Nogin's August 2022 letter, and Defendant's consistent argument that Plaintiff's restrictions are specifically due to his dyslexia (*Id.* at 25-26). This evidence, when viewed in the light most favorable to Plaintiff, indicated to the Court a triable issue of fact. Defendant's attempt to again argue that Plaintiff did not suffer an adverse action is improper on a motion for reconsideration. *Aviation Servs., LLC*, 2026 WL 578802, at *3 (explaining that "the bar for reconsideration is high.").

**III. Whether there is Sufficient Evidence of Pretext**

Finally, Defendant argues that it was reasonable to base Plaintiff's workplace restrictions on Dr. Nogin's medical opinion, and that the Court contravenes Seventh Circuit precedent in finding that Defendant's imposition of work restrictions is evidence of pretext (Doc. 60, p. 8). The Court disagrees.

Defendant oversimplifies the Court's analysis and rehashes its argument that Defendant's actions were motivated by legitimate, non-discriminatory, and non-retaliatory reasons (*Id.*). Defendant argues that the Court collapsed the distinction between reliance on medical judgment and "unlawful motive-based decision-making," arguing that it was lawful for Defendant to impose restrictions based on medical opinion (*Id.*). First, the Court did not interpret Defendant's mere reliance on Dr. Nogin's medical opinion as evidence of pretext, collapsing the distinction between lawful reliance on

medical opinion and unlawful discrimination, as Defendant contends.[5] Rather, the Court explained that Defendant based broad and continued restrictions of Plaintiff's employment on Dr. Nogin's medical opinion, even though Dr. Nogin's August 2022 letter indicated her belief that Plaintiff could perform tasks in a timely manner and was able to do his job successfully, with or without accommodation (Doc. 55, p. 27). Dr. Nogin expressly stated in her August 2022 letter that she does not believe Plaintiff's dyslexia diagnosis is a hindrance to his ability to complete his necessary tasks for work nor keeps him from doing his job successfully (Doc. 41-11). Because of this, the Court found Defendant's continued, plantwide restrictions on Plaintiff in light of Dr. Nogin's August 2022 letter, created a triable issue on whether Defendant had legitimate, non-discriminatory reasons for its restrictions (Doc. 55, pp. 26-28).[6]

Defendant relies upon *Stern* to argue that it was allowed to rely on medical opinion to impose workplace restrictions on its employees, and that the Court is contravening

[5] Defendant dedicates two sentences in its motion for reconsideration to argue that Plaintiff failed to present direct evidence of pretext (Doc. 60, p. 8). Direct evidence of discrimination is not required for ADA claims. *Ortiz v. Werner Enterprises, Inc.* 834 F.3d 760, 765 (7th Cir. 2016) (overruling precedent that treated direct and indirect evidence as two separate legal tests in discrimination cases, holding that "district courts must stop separating 'direct' from 'indirect' evidence and proceeding as if they were subject to different legal standards.").

[6] In its motion for reconsideration, Defendant also contends that "Norris offered no evidence that USS' reasons for its decisions were pretextual for discrimination or retaliation," and that once Defendant satisfies its burden of establishing legitimate, nondiscriminatory reasons for its decisions, Plaintiff bears the burden of presenting evidence of pretext (Doc. 60, p. 9 & n.1). In response, the Court again directs Defendant to its summary judgment order where the Court explained that, not only did Defendant not meet its burden of presenting sufficient evidence of legitimate, nondiscriminatory reasons for its *continued* imposition of plantwide restrictions after receiving Dr. Nogin's August 2022 letter, Plaintiff did present evidence that adequately rebutted Defendant's reasons for imposing Plaintiff's restrictions: Dr. Nogin's August 2022 letter that supported the fact that Plaintiff could perform functions involving reading, writing, and tracking numbers without incident, Plaintiff's lack of errors on the job in the past, evidence of others' mistakes, evidence that Plaintiff did not present a greater safety concern than other employees, and Plaintiff's vocalized concerns about making numerical errors (Doc. 55, pp. 28-29).

Seventh Circuit precedent by not allowing Defendant to do so. *Stern v. St. Anthony's Health Center*, 788 F.3d 276, 294 (7th Cir. 2015). But an employer's ability to rely on medical opinion to make employment decisions is not at issue here. Rather, the issue is Defendant's *continued* imposition of those restrictions after receiving Dr. Nogin's letter in August of 2022 (Doc. 55, p. 27). The Court explained that Dr. Nogin's August 2022 letter should have alerted Defendant to the fact that it could not rely upon Dr. Nogin's earlier report to justify the continued imposition of plantwide restrictions (*Id.*). Defendant's argument is not persuasive in light of *Stern*, the record evidence, and the Court's summary judgment order (*Id.*). 788 F.3d at 294.[7]

## CONCLUSION

Defendant's motion for reconsideration is hereby **DENIED.** This case remains set for a Final Pretrial Conference on November 3, 2026, and for Jury Trial on November 16, 2026.

**IT IS SO ORDERED.**

**DATED: October 19, 2026**

**MARK A. BEATTY**
**United States Magistrate Judge**

[7] Defendant argues in its reply brief that Dr. Nogin's letter includes a statement that Plaintiff's career should not be limited is conditioned upon accommodations (Doc. 68, p. 5). The Court previously rejected this argument and finds it equally unpersuasive here as it did in its earlier discussion (*see supra* p. 9).